UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PRADEEP B. GUPTE,                :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :     CASE NO.   3:17cv1484(RNC)
                                 :
TOM WOODS, et al.,               :
                                 :
     Defendants.                 :

RULING ON MOTION TO AMEND

The plaintiff, Pradeep B. Gupte, who is self-represented, brings this employment discrimination action against the University of Connecticut ("UConn"). The plaintiff alleges that UConn failed to hire him in retaliation for engaging in the protected activity of filing an employment discrimination lawsuit against another university. In December 2017, based on the plaintiff's financial information, the court granted his motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. #10.) The court recommended that the plaintiff's Title VII retaliation claim against the defendant UConn proceed to service of process but that the other defendants and claims be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The plaintiff subsequently filed an untitled document stating that he wishes to amend his complaint. (Doc. #12.) Construing this submission as a motion to amend pursuant to Fed. R. Civ. P. 15, the motion is denied.

The plaintiff's submission suffers from a number of deficiencies. First, the plaintiff has not provided the court with a proposed amended complaint. He must do so. The plaintiff is

advised that an amended complaint does not simply add to the first complaint. An amended complaint should include all claims a plaintiff seeks to have the court consider, all of requests for relief and all defendants against whom he seeks relief. Once an amended complaint is filed, it completely replaces the original. See Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") "To obtain leave of court to amend a pleading, the party's motion should attach a copy of the proposed amendment or new pleading." 3 James Wm. Moore et al., Moore's Federal Practice, § 15.17[1] (3rd ed. 2017). Submission of the proposed amended pleading is necessary "so the court and the adverse party will know the precise nature of the pleading changes being proposed." Bownes v. City of Gary, Indiana, 112 F.R.D. 424, 425 (N.D. Ind. 1986). The plaintiff's motion to amend is denied without prejudice for failure to provide the court with a proposed amended complaint.

Second, the plaintiff's motion fails because it fails to state a claim upon which relief could be granted. A complaint must plead enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a probability requirement, but

it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." Twombly, 550 U.S. 544, 555, 570 (2007). When a plaintiff is self-represented, the court "must liberally construe his pleadings, and must interpret his complaint to raise the strongest arguments it suggests." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

The plaintiff indicates that he wishes to (1) add "UConn" and the "State of Connecticut" as defendants and (2) assert ADA and ADEA claims against these defendants. The plaintiff's submission, however, makes abundantly clear that "the only reason UConn did not hire [him]" was because UConn learned that he had previously filed a Title VII lawsuit against another university. As indicated, the plaintiff's claim against UConn alleging retaliation under Title VII is proceeding and going forward. No other viable cause of action is discernable in the plaintiff's submission. There are no factual allegations that UConn's failure to hire him was due to his age or his disability. As a result, the plaintiff fails to state plausible claims of disability discrimination under the ADA or age discrimination under the ADEA.

Third, the plaintiff's attempt to add AAG Nancy Brouillet is lacking. The plaintiff alleges only that Ms. Brouillet "leaked" certain of the plaintiff's "private" information. Even liberally construing the plaintiff's submission, as the court is required to do, this barebones allegation does not state a claim upon which relief can be granted.

For these reasons, the plaintiff's motion to amend is denied without prejudice. Any new motion to amend must be accompanied by a proposed amended complaint.

This is not a recommended ruling but a ruling on a nondispositive matter reviewable by the district court under clearly erroneous or contrary to law standard. See 28 U.S.C. § 636(b)(written objections to ruling must be filed within fourteen calendar days after service of same); Fed. R. Civ. P. 6(a) & 72(a); Impala v. United States Dept. of Justice, 670 F. App'x 32 (2d Cir. 2016)(failure to file timely objection to Magistrate Judge's ruling precludes further appeal to Second Circuit).

SO ORDERED at Hartford, Connecticut this 5th day of February, 2018.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge